IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JASON KEAHI ANTHONY, <br><br> Defendant. | CR 12-05-H-BMM-JTJ <br><br> FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Jason Keahi Anthony (Anthony) has been accused of violating the conditions of his supervised release. (Doc. 82) Anthony admitted the violations. Anthony's supervised release should be revoked. Anthony should be sentenced to custody for 8 months, with no term of supervised release to follow.

**Status**

Anthony plead guilty on April 10, 2012, to the offense of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1)(B), 2 as charged in Count 2 of the Indictment. (Doc. 21) Anthony was sentenced to 150 months of custody with 4 years of supervised release to follow. (Doc. 30) Anthony's current term of supervised release began on March 8, 2024.

**Petition**

On September 25, 2024, the United States Probation Office filed a Petition requesting that the Court revoke Anthony's supervised release. (Doc. 82) The Petition alleged Anthony violated conditions of his supervised release by: (1) consuming a THC gummy on or about August 24 or 25, 2024; and (2) testing positive for amphetamine on September 11, 2024.

**Initial Appearance**

Anthony appeared before the Court on October 29, 2024. Anthony was represented by counsel. Anthony stated that he had read the Petition and that he understood the allegations against him. Anthony waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation Hearing**

Anthony appeared before the Court on October 29, 2024. Anthony then admitted that he had violated the conditions of supervised release as set forth in the Petition by: (1) consuming a THC gummy on or about August 24 or 25, 2024; and (2) testing positive for amphetamine on September 11, 2024. Anthony's violations are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Anthony appeared before the Court on October 29, 2024. Anthony's violation is a Grade C violation. His criminal history category is III. Anthony's underlying offense is a Class B felony. Anthony could be incarcerated for up to 36 months. Anthony could be ordered to remain on supervised release for 40 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III.   Analysis

Anthony's supervised release should be revoked. Anthony should be sentenced to custody for 8 months, with no term of supervised release to follow.

### IV.   Conclusion

The Court informed Anthony that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Anthony of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Anthony that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS**:

That JASON KEAHI ANTHONY has violated the conditions of his supervised release by: (1) consuming a THC gummy on or about August 24 or 25, 2024; and (2) testing positive for amphetamine on September 11, 2024.

The Court **RECOMMENDS:**

That the District Court revoke Anthony's supervised release and sentence Anthony to custody for 8 months, with no term of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C.  Section 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 1st day of November, 2024.

John Johnston
United States Magistrate Judge